**Raul A. GARIBAY, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden, Respondent–Appellee.**

No. 07–16713.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 22, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Raul A. Garibay, San Luis Obispo, CA, pro se.

Pamela K. Critchfield, Esquire, Frances Marie Dogan, Esquire, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

California state prisoner Raul A. Garibay appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ Garibay contends that the introduction of evidence regarding prior acts of sexual misconduct and domestic violence to show propensity violated his due process rights. We conclude that the state court's decision rejecting this claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme

** This disposition is not appropriate for publication and is not precedent except as provid-

Court. *See* 28 U.S.C. § 2254(d); *Estelle v. McGuire,* 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Alberni v. McDaniel,* 458 F.3d 860, 863–67 (9th Cir. 2006).

■ Garibay also contends that the state trial court's jury instructions deprived him of his due process rights because the instructions permitted the jury to find him guilty by a standard of a preponderance of the evidence rather than beyond a reasonable doubt. We conclude that the state court's decision rejecting this claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Estelle,* 502 U.S. at 69–74, 112 S.Ct. 475.

Garibay's application to broaden the certificate of appealability and his motion to augment that application are denied. *See Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**